01-80778

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

                    Government.

        v.

AHMED HANNAN,
KARIM KOUBRITI,
YOUSSEF HMIMSSA,
FAROUK ALI-HAIMOUD,

                    Defendants.

_____/

**MOTION TO WITHDRAW AS COUNSEL**

BEFORE THE HONORABLE **GERALD E. ROSEN**
United States District Judge
860 US Courthouse & Federal Building
231 Lafayette Boulevard West
Detroit, Michigan
**Wednesday, October 30, 2002**

APPEARANCES:

        **RICHARD CONVERTINO**
        Assistant United States Attorney
        211 West Fort Street
        Detroit, MI 48226
                On behalf of the Government.

        **KEVIN ERNST**
        645 Griswold, Ste. 4100
        Detroit, Michigan 48226
                On behalf of Defendant Ali-Haimoud.

Stenographically reported by:  Carol S. Sapala, RMR-FCRR

USA V KOUBRITI  ET AL  01-80778

# C O N T E N T S

| IDENTIFICATION | PAGE |
|---|---|
| MOTION TO WITHDRAW AS COUNSEL | 4 |
| Certification of Court Reporter | 10 |

USA V. KOUBRITI, ET AL. 01-80778

# E X H I B I T S

**IDENTIFICATION**          **MARKED**     **RECEIVED**

N O N E          M A R K E D

USA V. KOUBRITI  ET AL. 01-80778

4

## Motion to Withdraw as Counsel

Detroit, Michigan

Tuesday, October 30, 2002

3:05 p.m.

**THE CLERK:**  Case number 01-08778, United States verdict Farouk Ali-Haimoud.

**THE COURT:**  May I have appearances, please.

**MR. ERNST:**  Afternoon, Your Honor.

Kevin Ernst, on behalf of Mr. Ali-Haimoud.

**MR. CONVERTINO:**  Afternoon, Your Honor.

Rick Convertino, on behalf of the United States.

**THE COURT:**  I see we have an interpreter.

(Whereupon the interpreter was then sworn)

**THE COURT:**  Thank you.  All right.

Mr. Ernst, this is your motion, please.

**MR. ERNST:**  Yes, Your Honor.

As I indicated in the written motion, Your Honor, I'm moving to withdraw because the defendant and his family are unable to meet their financial obligations in the case.

**THE COURT:**  Do you know if, Mr. Haimoud, you would qualify for indigency and appointment of counsel?

**MR. ERNST:**  As far as I know, yes, he does.  He has no -- no assets to speak of, no income.

His mother previously was paying me and she lost her job and she doesn't have any assets.  She was relying on help from the family members and friends that didn't

USA V. KOUBRITI, ET AL. 01-80778

## Motion to Withdraw as Counsel

materialize.

THE COURT:  Did they pay you a retainer at any point?

MR. ERNST:  Yes, Your Honor.  And they made they paid a small retainer.  They made periodic payments, but there's a large a prior arrearage already.

THE COURT:  How much of the retainer have they gone through?

MR. ERNST:  Oh, yes, there's a large arrearage. They paid a small retainer, then they paid monthly payments And they haven't been able to make any monthly payments for sometime.

And they were trying to -- family members were trying to marshal assets from family members and friends and they've been unable to do that, indicated to me that they would not be able to marshal any more assets in the future.

THE COURT:  What's the Government's position?

MR. CONVERTINO:  Judge, I would object to the granting of this motion.

I think at this point in time so late in the game, that a new, additional counsel, would cause an undue delay.

I think that Mr. Ernst has been on this case since the first day, although the charges have -- there have been superseding indictments in the case, the nucleus of operative facts are the same, have been the same facts since the first

## Motion to Withdraw as Counsel

day.

Mr. Ernst has worked this case, has given substantially -- all the discovery has been turned over, including tapes, both audio and videotapes, none of which have been charged to Mr. Ernst or his defendant in this case, nor will they be charged.

At this point, I think if the Court is so inclined as to apply the CJA Act and have counsel appointed, that, at this point in time, may be best to have Mr. Ernst continue, if that is what the Court is contemplating.

However, at this point in time, Mr. Ernst should not be allowed to withdraw from the case. I think it would, as I say, cause undue delay.

New counsel -- to whatever there is a joint defense, new counsel would have to come in cold, learn the case, overcome any barriers which have been overcome by Mr. Ernst regarding the relationship he's had with the defendant and his family and the other defense attorneys and their clients as well.

So I think at this point in time, we would object to the granting of this motion and allowing Mr. Ernst to withdraw.

Thank you, judge.

**THE COURT:** We're still more than -- we're almost three months away from trial, Mr. Convertino.

## Motion to Withdraw as Counsel

MR. CONVERTINO:  Well, I understand, judge.

But, I just can't contemplate a new attorney coming in at this point in time and coming before this Court and saying they're ready to go to trial on January 21st.  Now it may happen, but in my mind, it won't.

THE COURT:  The discovery is extensive, but it's not as voluminous as we've had in other cases. I know there are translations from the tapes, that sort of thing, that have to bow gone through, but the rest of the discovery could certainly be accommodated by a new lawyer in three months.

MR. CONVERTINO:  Well, that may be. I think that it's possible that that could happen if another attorney devotes 100 percent of his or her time to the case and that attorney has assistants in working the case, which is comprised of 100 percent of their time as well.

I think at this point in time, Mr. Ernst has had certainly in depth knowledge of the facts of the case, knowledge of the witnesses who will be called.  They're 302's.  Almost all --

THE COURT:  I'm sure Mr. Ernst will be willing to transition a new lawyer into the case to assist in the transition; would you not, Mr. Ernst?

MR. ERNST:  Yes, Your Honor.

Your Honor, if I may?  I think that discovery

USA V KOUBRITI  ET AL. 01-80778

## Motion to Withdraw as Counsel

that's been turned over thus far could easily be learned in the course of a couple weeks, at most.

MR. CONVERTINO:  Couple weeks?  Well, I'm not even going to respond to that.  A couple weeks?

THE COURT:  I see other counsel -- other defense counsel in the courtroom.

You're not at counsel table.  But do you wish to -- any of the other defense counsel wish to participate or reflect a position on the record?

MR. THOMAS:  Mr. Thomas, on behalf of Mr. Hannan. No, we don't wish to participate.

MR. HELFRICK:  Richard Helfrick.  Our response is the same.

THE COURT:  Mr. Haimoud, Ali-Haimoud, do you wish to address the Court regarding this, sir?

THE INTERPRETER:  Yes, Your Honor.  He's addressing that the reason he was -- can't have this lawyer anymore IS because he cannot pay him anymore.

And if you're willing, the Court is willing to pay him, he doesn't mind, you know, proceeding with him.  But, otherwise, he cannot.

THE COURT:  Well, the procedure, Mr. Haimoud we would go through for me to a point a lawyer -- the procedure that we would go through for me to a point a lawyer is, you will have to fill out an affidavit of indigency, meaning you

USA V KOUBRITI  ET AL 01-80778

## Motion to Withdraw as Counsel

don't have any monies, any funds.

Are you able to do that?

**THE INTERPRETER:**  Yes.

**THE COURT:**  And your family has no money to pay a lawyer?

**THE INTERPRETER:**  No.

**THE COURT:**  All right. I will -- I'm going to grant the motion, I think.

And with respect to appointment of counsel, I want to discuss it with the Federal Defender in the district.

Mr. Haimoud, we will advise you very shortly, okay, as to a lawyer.

In the meantime, you have to fill out the indigency affidavit.  And, maybe you can help him with that, Mr. Ernst.

All right.  Thank you.

(This hearing concluded at 3:15 p.m.)

CERTIFICATE OF COURT REPORTER

I certify that the foregoing is a correct transcript from reported proceedings in the above-entitled matter.

_____          _____
CAROL S. SAPALA, CSR,RPR,CM                              Date