UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.

D-1 KARIM KOUBRITI, and
D-2 AHMED HANNAN,

         Defendants.

         CRIMINAL NO. 01-80778

         HON. GERALD E. ROSEN

         OFFENSES: 18 U.S.C. § 371

## FOURTH SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

1. At all times relevant to this indictment, the laws of the State of Michigan required that every registered automobile be insured through a no-fault automobile insurance policy. Every automobile owner must purchase basic coverage in order to obtain license plates.

2. At all times relevant to this indictment, anyone involved in an automobile accident was entitled to certain personal injury protection benefits under Michigan law. MCLA 500.3101 et. seq. These benefits included:

A. Medical Expenses - A person is allowed to obtain all allowable expenses, which is defined as "...all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation." MCLA 500.3107(1)(a). These expenses usually include doctor bills, hospital bills, ambulance bills, medication, medical equipment and rehabilitation expenses, such as those for physical therapy.

B. Lost Wages or Earnings - Lost wages include "...loss of income from work an injured person would have performed during the first three years after the date of the accident if he or she had not been injured." MCLA 500.3107(1)(a).

C. Replacement Services - A person may obtain up to $20 per day in household replacement services or $600 per month. This benefit is paid for up to three years after the date of the accident. The usual household replacement services include cleaning, snow removal, lawn mowing, baby-sitting, grocery shopping, running errands, preparing meals, or anything that the injured person used to do around the home, but can no longer do because of the accident.

D. Mileage Expenses - Transportation expenses incurred for the purpose of obtaining medical treatment is recoverable at a standard mileage rate.

3. At all times relevant to this indictment, Titan Insurance Company, whose

2

main offices were in Troy, Michigan, was an insurance company which offered both personal and commercial no-fault automobile insurance in the State of Michigan and elsewhere. Titan Insurance Company insured most drivers regardless of their driving record, insurance history or amount of driving experience.

4. On or about June 6, 2001, AHMED HANNAN, defendant herein, purchased a no-fault automobile insurance policy, policy number 01 PA1563401, which included personal injury protection coverage, through Titan Insurance Company.

5. That during all times relevant to this indictment KARIM KOUBRITI, defendant herein, did not own an automobile covered by no-fault automobile insurance.

### COUNT ONE
(18 U.S.C. § 371-Conspiracy to Commit Mail Fraud)

D-1   KARIM KOUBRITI,
D-2   AHMED HANNAN

1. The allegations contained in paragraphs one (1) through five (5) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if set forth herein.

### SCHEME AND ARTIFICE TO DEFRAUD

1. Beginning at least as early as July 5, 2001 and continuing through

3

approximately September 17, 2001, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan and elsewhere, KARIM KOUBRITI and AHMED HANNAN, defendants herein, and others devised and intended to devise a scheme and artifice to defraud Titan Insurance Company of money and property by means of false and fraudulent pretenses, representations and promises.

2. It was part of the scheme and artifice to defraud that the defendants, and others, would and did:

a. falsely claim to have been physically injured in a July 5, 2001 motor vehicle accident in the City of Dearborn, Michigan; defendant AHMED HANNAN as the driver and insurance policy holder, and defendant KARIM KOUBRITI, as the passenger;

b. submit personal injury protection claims to Titan Insurance Company for benefits to which they were not entitled;

c. submit false and fraudulent invoices purporting to show that they individually received certain physical therapy which they did not receive. In fact, during times and dates reflecting said certain physical therapy, they were employed or otherwise enrolled in driving school;

d. submit false and fraudulent documentation as proof of incurred costs

relating to household replacement services, when in fact said services had never been provided;

e. falsely claim entitlement to lost wages, when in fact during times and dates reflecting said lost wages, defendants were employed or otherwise enrolled in driving school.

f. falsely claim reimbursement for fictitious mileage expenses incurred.

## CONSPIRACY OFFENSE

That from a date unknown, but at least as early as July 5, 2001 through approximately September 17, 2001, both dates being approximate, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan, KARIM KOUBRITI and AHMED HANNAN, defendants herein, did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, to wit: Mail Fraud in violation of Title 18, United States Code, Section 1341.

## MANNER AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that the defendants herein having devised a scheme and artifice to defraud, and for obtaining money by false and fraudulent pretenses, representations and promises, would knowingly cause documentation,

5

forms and correspondence relating to the recovery of no-fault personal injury protection insurance benefits, to be delivered by mail, by the United States Postal Service, or delivered by any private or commercial interstate carrier, according to the directions thereon, on or about multiple dates, during the period between July 5, 2001 and November 30, 2001, for the purpose of executing said scheme and artifice to defraud, and attempting to do so.

## OVERT ACTS

In furtherance of the unlawful conspiracy, and to effect the objects thereof, the defendants, and their co-conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Michigan:

1. On July 5, 2001, defendants requested transport by ambulance to Oakwood Hospital in Dearborn, Michigan.

2. On July 5, 2001, defendants requested evaluation and treatment at Oakwood Hospital.

3. On July 5, 2001, defendant AHMED HANNAN reported to a treating physician at Oakwood Hospital injury to his "back and left leg."

4. On July 5, 2001, defendant KARIM KOUBRITI reported to a treating physician at Oakwood Hospital injury to his "back and neck."

5. On July 5, 2001, defendants made statements during the course of being evaluated by Dr. Nabil Metwally, M.D., in Farmington, Michigan.

6. On July 5, 2001, defendant AHMED HANNAN caused to be made a report of accident claim to Titan Insurance Company.

7. On July 6, 2001, defendants made statements during the course of being evaluated for physical therapy at Rudy Physical Therapy, P.C., in Dearborn, Michigan.

8. On July 6, 2001, defendants caused a phone call to made from Titan Insurance Company to Rudy Physical Therapy, P.C. for purposes of obtaining information as to identity of the treating physician, the nature of the injury and physical therapy, along with billing information.

9. On or about July 17, 2001, defendants caused to be mailed an Application of Benefits from Titan Insurance Company to 1335 Riverside, Apt. B5, Dearborn Michigan.

10. On or about July 20, 2001, defendant AHMED HANNAN mailed to Titan Insurance Company a completed Application of Benefits.

11. On or about July 24, 2001, defendant KARIM KOUBRITI mailed to Titan Insurance Company a completed Application of Benefits.

12. On August 3, 2001, defendant AHMED HANNAN went to be evaluated by Dr. Nabil Metwally, M.D.

13. On August 3, 2001, defendant KARIM KOUBRITI went to be evaluated by Dr. Nabil Metwally, M.D.

14. On August 8, 2001, defendant AHMED HANNAN signed a request for reimbursement of mileage expenses to and from Rudy Physical Therapy and to and from Dr. Nabil Metwally, M.D.

15. On August 8, 2001, defendant AHMED HANNAN signed a replacement services payment request.

16. On August 8, 2001, defendant KARIM KOUBRITI signed a request for reimbursement of mileage expenses to and from Rudy Physical Therapy, P.C. and to and from Dr. Nabil Metwally, M.D..

17. On August 8, 2001, defendant KARIM KOUBRITI signed a replacement services payment request.

18. On August 10, 2001, defendant KARIM KOUBRITI verified that he did not have automobile no-fault insurance by submitting a document entitled "Sworn Statement of No-Fault Insurance" to Titan Insurance Company.

19. On or about August 16, 2001, defendant AHMED HANNAN caused to

8

be mailed a completed Wage, Salary And Benefits Verification.

20. On or about August 16, 2001, defendant KARIM KOUBRITI caused to be mailed a completed Wage, Salary And Benefits Verification.

21. On August 17, 2001, defendants through an attorney, caused to be mailed and submitted signed replacement services payment requests, requests for reimbursement of mileage expenses, along with statements of disability from work prepared by Dr. Metwally.

22. On September 4, 2001, defendant KARIM KOUBRITI signed a request for reimbursement of mileage expenses to and from Rudy Physical Therapy, P.C.

23. On September 4, 2001, defendant KARIM KOUBRITI signed a replacement services payment request.

24. On September 11, 2001, defendants through an attorney, caused to be mailed and submitted a signed replacement services payment request, a request for

reimbursement of mileage expenses, along with statements of disability from work

prepared by Dr. Metwally.

All in violation of Title 18, United States Code, Section 371.

FOREPERSON

Dated:

CRAIG S. MORFORD
United States Attorney

ALAN GERSHEL
Assistant United States Attorney

ERIC M. STRAUS
Assistant United States Attorney

10

| United States District Court Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 01-80778 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** Gerald E. Rosen |
| ☐ Yes       X No | **AUSA's Initials:** _(signature)_ |

**Case Title:** USA v. Karim Koubriti and Ahmed Hannan

**County where offense occurred :** Wayne

**Check One:**       **X Felony**          ☐ Misdemeanor          ☐ Petty

_____Indictment/_____Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number: 01-80778]
_____Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

# Superseding Case Information:

**Superseding to Case No:** 01-80778          **Judge:** Gerald E. Rosen

☐     Original case was terminated; no additional charges or defendants.
☐     Corrects errors; no additional charges or defendants.
☐     Involves, for plea purposes, different charges or adds counts.
X     Embraces same subject matter but adds the additional defendants or charges below.

| **Defendant name** | **Charges** |
|---|---|
| Karim Koubriti | 18 U.S.C. § 371 |
| Ahmed Hannan | 18 U.S.C. § 371 |

FILED '04 DEC 15 AM 11 49 U.S. DISTRICT COURT EASTERN MICH. DETROIT PSG

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

December 15, 2004
Date

_(signature)_
ERIC M. STRAUS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9648
Fax: (313) 226-4679
E-Mail address: eric.straus@usdoj.gov
Attorney Bar #: 38226

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04