UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                  Plaintiff,

      v.

D-1    KARIM KOUBRITI, and
D-2    AHMED HANNAN,

                  Defendants.

_____/

CR. NO.  01-80778

HONORABLE GERALD E. ROSEN

**MOTION FOR NOTICE FROM THE
GOVERNMENT REGARDING 404(b) EVIDENCE**

Defendants, KARIM KOUBRITI, through counsel, LEROY T. SOLES, RICHARD

M. HELFRICK and JAMES GEROMETTA, of the Federal Defender Office, and AHMED

HANNAN, through counsel JAMES C. THOMAS and JOSEPH NISKAR, moves this

Honorable Court, pursuant to Fed. R. Evid. 404(b), to enter an Order requiring the

Government to provide Notice of any evidence that it will seek to rely upon at trial which

falls within the parameters of Fed. R. Evid. 404(b), and in support states:

1)      Defendants are charged in a one count Superseding Indictment with Conspiracy

to Commit Mail Fraud–18 U.S.C. § 371.

2)      Requiring pretrial disclosure of the Government's intent to use similar act

evidence will reduce the high potential for prejudice to Defendants from surprise use of this

type of evidence.

1

3)      Pretrial disclosure will assist the Court in making timely pretrial determinations on admissibility, in avoiding the dangers of unfair prejudice, of confusion of the issues and of misleading the jury and finally, in minimizing undue delay, waste of time, or needless presentation of cumulative evidence during the course of the trial.

WHEREFORE, Defendants move this Honorable Court to enter an Order requiring the Government to give timely Notice prior to trial of evidence it will seek to rely upon at trial pursuant to Fed. R. Evid. 404(b).

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Richard M. Helfrick, P33323
s/  Leroy T. Soles (w/consent)
s/  James Gerometta (w/consent)
Attorneys for Mr. Koubriti
645 Griswold, Ste. 2255
Detroit, MI 48226
Phone: (313) 961-4150
E-mail: richard_helfrick@fd.org

s/ James C. Thomas (w/consent)
s/ Joseph Niskar (w/consent)
Attorneys for Mr. Hannan
535 Griswold St., Ste. 2632
Detroit, MI  48226
Phone:  (313) 963-2420

Date:  January 12, 2005

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                            CR. NO.  01-80778

          Plaintiff,

    v.                              HONORABLE GERALD E. ROSEN

D-1    KARIM KOUBRITI, and
D-2    AHMED HANNAN,

          Defendants.

_____/

**BRIEF IN SUPPORT OF
MOTION FOR NOTICE FROM THE
<u>GOVERNMENT REGARDING 404(b) EVIDENCE</u>**

## ISSUE PRESENTED

WHETHER THE COURT SHOULD ENTER AN ORDER REQUIRING THE GOVERNMENT TO GIVE NOTICE OF WHAT EVIDENCE IT WILL SEEK TO RELY UPON AT TRIAL, PURSUANT TO FED. R. EVID. 404(B)?

## **TABLE OF AUTHORITIES**

Circuit Court

United States v. Barnes,
  49 F.3d 1144  (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Blakenship,
  775 F.2d 735, 739-740 (6th Cir. 1985)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

United States v. Ebens,
  800 F.2d 1422, 1433-36 (6th Cir. 1986)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

United States v. Merriweather,
  78 F.3d 1070 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Federal Rules of Evidence

  Rule 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.

Introduction:

Defendants are charged in a one count Superseding Indictment with Conspiracy to Commit Mail Fraud–18 U.S.C. § 371.   The Government may attempt to rely upon similar act evidence pursuant to Rule 404(b) of the Federal Rules of Evidence at trial. Defendants request the Court to enter an Order requiring the Government to give Notice of its intent to rely upon similar act evidence.

II.

Law and Argument:

Fed. R. Evid. 404(b) provides that, upon request, the Government provide the defendant with notice of the use of similar act evidence in advance of trial:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, <u>provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial</u>, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

(Emphasis added).  The Court, as well as the Defendants, has a stake in pretrial disclosure of the intention to interject similar act evidence into the trial.  Admissibility under Fed. R. Evid. 404(b) and 403 poses questions of admissibility which ordinarily will delay the proceedings if litigated during the course of the trial.  If the Government is allowed to introduce such evidence during trial, continuances may be necessary to allow Defendants a

1

fair opportunity to meet the evidence or to object to it.  Additionally, erroneous admission

of similar act evidence is a common source of mistrials, appeals, and retrials.  *See, United*

*States v. Ebens*, 800 F.2d 1422, 1433-36 (6th Cir. 1986); *United States v. Blakenship*, 775

F.2d 735, 739-740 (6th Cir. 1985).

The standard for admission of Rule 404 (b) in the Sixth Circuit is stated in *United*

*States v. Merriweather*, 78 F3d. 1070 (6th Cir. 1996).  In *Merriweather*, the Court stated how

Rule 404(b) is to applied.  First, the government must identify the specific purpose for the

admission of the evidence:

> Upon objection by the Defendant, the proponent of the evidence,
> usually the government, should be required to identify the
> *specific* purpose or purposes for which the government offers
> the evidence of 'other crimes, wrongs, or acts.'

*Id*. at 1076.  The Court went on to state that:

> . . . the government's purpose in introducing the evidence must
> be to prove a fact that the defendant has placed in issue, or
> conceivably will place in issue, or a fact that the statutory
> elements obligate the government to prove.

*Id*. at 1076.  The second determination the trial court must make is to determine whether the

government's purpose is material to an issue in the case:

> After requiring the proponent to identify the specific purpose for
> which the evidence is offered, the district court must determine
> whether the identified purpose, whether to prove motive or
> intent or identity some other purpose, is 'material'; that is,
> whether it is 'in issue' in the case.

*Id*. at 1076, 1077.  The trial court must then decide:

> If the court finds it is, the court must *then* determine, before
> admitting the other acts evidence, whether the probative value

2

> of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403.

*Id*. at 1077.   And finally:

> If the evidence satisfies Rule 403, then, after receiving the evidence, the district court must 'clearly, simply, and correctly' instruct the jury as to the *specific* purpose for which they may consider the evidence. (Citation Omitted).

*Id*. at 1077.

In *Merriweather*, the Rule 404(b) evidence was taped telephone conversations that were not part of the drug conspiracy for which Merriweather was on trial but, of Merriweather and others involved in a separate conspiracy.  The government had argued that the tapes were general admissible to show intent, plan, knowledge, identity, and absence of mistake on the part of the government.  The government than argued more specifically:

> (1) *intent* to acquire cocaine; that is, the Jones conversations showed that the defendant wanted cocaine and thus clarified the Bender conversation, in which the defendant asked Bender to 'front' a kilogram of cocaine; (2) *identity*; that is, to identify the defendant's voice on the Bender taped conversation, in which no names were used; and (3) *absence of mistake* on the part of the government.  Presumably, the prosecutor meant to assert by the third justification that the tape would prove that the government was not mistaken in prosecuting Merriweather.

*Id*. at 1075.

The Sixth Circuit reviewed the above and found that opportunity was not an issue in the case.  Nor were preparation and plan, or knowledge, or absence of mistake issues in the case.  In addition, absence of mistake on the part of the government was not a proper basis under Rule 404(b).

3

As to identity, the Court stated that "[o]ne factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof." *Merriweather*, at 1077 (Citation omitted). The Court found that under Rule 403, the playing of the "Jones tapes to prove that the voice on the Bender tape belonged to Merriweather was the most unfairly prejudicial means of proving identity that was available to the government." *Id*. at 1077. The Court found that the government had more direct means of proof.

Finally, as to intent, the Court found that because Merriweather was faced with a specific intent crime, the taped conversations were offered for a legitimate reason under Rule 404(b). The Court then determined that under Rule 403:

> "The government's legitimate need to introduce the Jones conversations was slight, while the evidence carried a serious danger of unfair prejudice. The danger was very great that the jurors, rather than consider the Jones conversations for the narrow, precise, legitimate purpose of proving Merriweather's specific intent to distribute and possess cocaine, would far more likely infer that just as Merriweather conspired with Jones, so had he conspired with Bender-the very inference that Rule 404(b) forbids."

*Id*. at 1078, 1079.

Further, if the notice requirement is not met, the evidence is not admissible. *See United States v. Barnes*, 49 F.3d 1144 (6th Cir. 1995). The *Barnes* panel further noted that "the government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature" and it "must be sufficiently clear so as 'to permit pretrial resolution of the issue of admissibility.'" *United States v. Barnes*, at 1148-49.

It is, therefore, in the interest of sound judicial administration to require pretrial notice of the intention to use similar act evidence and to resolve issues of admissibility before the

4

jury is exposed to <u>voir dire</u> and opening statements.   This Court should, therefore, require the Government to specify the specific nature of any similar act evidence it intends to rely upon in its case against Defendants and to do so in a timely fashion in advance of trial.

<u>Conclusion</u>:

For the reasons set forth, Defendants move this Honorable Court for an Order requiring the Government to give timely pretrial notice of its intention to rely on any evidence which could possibly fall within the parameters of Fed. R. Evid. 404(b).

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Richard M. Helfrick, P33323
s/  Leroy T. Soles (w/consent)
s/  James Gerometta (w/consent)
Attorneys for Mr. Koubriti
645 Griswold, Ste. 2255
Detroit, MI 48226
Phone: (313) 961-4150
E-mail: richard_helfrick@fd.org


s/ James C. Thomas (w/consent)
s/ Joseph Niskar (w/consent)
Attorneys for Mr. Hannan
535 Griswold St., Ste. 2632
Detroit, MI  48226
Phone:  (313) 963-2420

Date:  January 12, 2005

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    CR. NO.  01-80778

        Plaintiff,

    v.                 HONORABLE GERALD E. ROSEN

D-1    KARIM KOUBRITI, and
D-2    AHMED HANNAN,

        Defendants.

_____/

### CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Alan Gershel
        Assistant U.S. Attorney

        Eric M. Straus
        Assistant U.S. Attorney

        Kim Ferranti
        Federal Defender Office