UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

AHMED HANNAN,

        Defendant.

_____/

Case No. 01-80778
Hon. Gerald E. Rosen

## FOURTH MOTION AND MEMORANDUM FOR
## REVOCATION OF ORDER OF DETENTION OF DEFENDANT, HANNAN

NOW COMES defendant Ahmed Hannan, by his attorneys James C. Thomas and Joseph A. Niskar, and moves this Honorable Court, pursuant to 18 USC §3145(b), to revoke the prior Order of Detention in this matter. In support of his motion, defendant Hannan states as follows:

1. On January 29, 2003, defendant Hannan was charged along with three other defendants in a four count, Third Superseding Indictment with: Count I - conspiracy to Provide Material Support or Resources to Terrorists, in violation of 18 USC 1371 and 2339A; Count II - Conspiracy to Engage in Fraud and Misuse of Visas, Permits and Other Documents, in violation of 18 USC §371; Count III - Fraud and Misuse of Visas, Permits and Other Documents, in violation of 18 USC §§1546(a0 and 2; and Count IV - Fraud and Related Activity in Connection with Identification Documents and Information, in violation

of 18 USC §§1028(a)(6) and 2.

2. That prior hereto, the question of the defendant Hannan's detention was addressed on four separate occasions; (a) in a detention hearing on September 21, 2002 before Magistrate Judge Paul J. Komives, (b) by a motion requesting the revocation of the detention order, heard before this Honorable Court on October 11, 2002. (The transcript and order have been previously submitted), ©) by an oral motion at the conclusion of the trial on June 3, 2003 wherein the defendant was acquitted of the terrorism charges and the substantive fraud count, and finally (d) by a written motion filed February 19, 2004.

3. That in the first motion for revocation of detention, heard by this Honorable Court, a colloquy occurred between counsel and the Court regarding the effect of the delay on a defendant who is detained and where his period of detention may exceed the ultimate guidelines for which he will be sentenced. (Hearing Transcript 10/11/01, p63). At that time, counsel could never have imagined the extent to which that argument would have meaning.

4. Defendant has been in the continuous custody of the United States Marshal Service since his arrest on September 16, 2001, a period of 40 months! Most of this time was spent in restricted confinement, either at the Wayne County Jail or other federally contracted facilities. He was released from the structures of the jail setting for a brief period, under the supervision of Pretrial Services; however that was severely restricted due to the fact that he was on a G.P.S. tethering device and was not allowed to work.

5. This case has received a great deal of publicity. As a result, defendant was

3

subjected to the verbal abuse and ridicule of his fellow prisoners at Monica House and, because he could not work, he was relegated to menial jobs at the facility (i.e., cleaning toilets and picking up other prisoners' cigarette butts. A dispute with staff regarding smoking privileges resulted in the revocation of his Monica House privileges and his return to the Wayne County Jail. 6. That the defendant has the burden of persuasion in this matter and must show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of the community. (18 USC §3143(a)). This is not a presumptive detention case under 18 USC §3142(P)(1). The defendant has no prior criminal record. He has legitimate residency status in the United States at this time.

7. That a jury verdict was entered on June 3, 2003, finding defendant guilty of <u>only</u> Count II - Conspiracy to Engage in Fraud and Misuse of Visas, Permits and Other Documents, in violation of 18 USC §371. His guidelines were at worst 8 to 14 months at that time.

8. Pursuant to the defendant's motion for new trial, the government's unprecedented memorandum, and this Honorable Court's Order, the conviction was vacated. The government has chosen not to pursue a retrial and instead has filed a Fourth Superseding Indictment alleging mail fraud relating to a Titan Insurance Company policy.[1] While the

---

[1] Incidently, the mail fraud allegation was the subject of the government's prior indictment. This was a policy of insurance on Mr. Hannan's automobile. It was their theory, both through testimony and in closing, that the application for insurance proceeds was a part of so-called "economic jihad". This theory was rejected as it related to Mr. Hannan since he was acquitted on <u>all</u> terrorism charges.

4

charges are still very serious, the defendant is still not presumptively detained and his guidelines are even less than those he was previously subjected to if convicted.

9. Defendant seeks to have this Court review its previously set detention order once again. There is statutory authority for such a review in a case such as this under 18 USC §3143(a)(2). The Court's previous denials have all been without prejudice. Mr. Hannan has always taken the position that he wants to stay in the United States. The government has taken the novel position that it is because of his wishes that he is a risk of flight. He voluntarily surrendered his passport and visa documents at the detention hearing on September 21, 2001. He has cooperated with the Court and U.S. Marshal Service at all times during his trial and thereafter. He has not once shown he wishes to do anything but come to Court and clear his name. It is because he had the temerity to demand the same treatment and privileges that other prisoners in the halfway house received that he has been placed back in the Wayne County Jail. He was neither charged with nor did he commit any new crimes.

10. Counsel is aware of the fact that INS has filed a detainer against defendant in the event he is released. He is further aware that if the defendant is given a reasonable bond by this Court, there is a remote possibility he may well go into INS custody. Upon information and belief, any time which is served in INS custody is "dead time" as it relates to any additional sentence this Court may impose and defendant will not be given any credit for that time. However, after vacating his conviction of document fraud, he is now of the status that he has not been convicted of any crime. Upon information and belief the government will

not detain him unless or until he is convicted of a crime. Counsel has spoken to his client and he still very urgently wishes to pursue this motion.

11. This Court has the authority, pursuant to 18 USC §3145(b), to revoke or amend a prior order for detention issued by a magistrate. The nature and circumstances of the government's new charges are factors which this Court has to consider. His guidelines, vis a vis the amount of time he has spent in custody, are excessive in light of the perceived evil. U.S. v Salerno 481 US 739 at 753; 95 LED 2d 697 (1987).

12. If the Court sees fit to release Mr. Hannan on tether he would have sufficient funds to rent a home in the Dearborn area. As a result of the gracious donations of various attorneys in Detroit and others who had sympathy to his situation, money is still left over sufficient for a modest security deposit with a couple of months rent.

13. Mr. Hannan, up until now, has not been able to seek employment; however, he had no trouble doing so before the government's intervention in this matter. He worked at a chicken farm under the most difficult of conditions. He emptied garbage and bussed tables to put food on the table. At times he worked two jobs to make ends meet.

14. The G.P.S. tether requirement is now far more restrictive than the circumstances of this case warrant. The halfway house placement, while greatly appreciated, was perhaps doomed from the start. Of course, Mr. Hannan was going to be humiliated and degraded, but the nature and extent of it was under appreciated. He has learned a valuable lesson as a result of the Court's most recent action. Neither condition is necessary now.

6

15. Counsel recognizes that the question of releasing a person must be considered on an individual case basis. The defendant has surrendered his passport. A standard tether with close monitoring by Pretrial Services would not prohibit him from seeking employment and remaining productive in the next round of what will most assuredly be lengthy pretrial motions. It assures the Court that he will not flee in the same fashion that other persons charged in this district have done.

16. This case is no longer a "terrorism" case; nor is it a case where any aspect of that supposed threat exists. There is no possibility of a terrorism enhancement. Counsel is not aware in either the public or non-public material that Mr. Hannan is a danger to the community. He is not a risk of flight and he should be given a bond.

WHEREFORE it is respectfully requested that this Court conduct a hearing with the defendant present, and at the conclusion of such hearing, enter an order releasing Mr. Hannan on an unsecured bond pending further disposition of this matter.

Respectfully submitted,

JAMES C. THOMAS, P.C.

By:_____
James C. Thomas P23801
Attorney for Defendant, Hannan
2632 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-2420

7

Joseph A. Niskar P55538
Attorney for Defendant, Hannan
2632 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-6320

DATED:   January 17, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 01-80778
                                           Hon. Gerald E. Rosen

vs.

AHMED HANNAN,

        Defendant.

_____/

CERTIFICATE OF SERVICE

BONNIE TESSIER says that on the 21st day of January, 2005, she served a copy of

Fourth Motion for Revocation of Order of Detention upon:

Eric Straus, AUSA, 20th Floor, 211 W. Fort Street, Detroit, MI 48226

Jonathan Tukel, AUSA, 20th Floor, 211 W. Fort Street, Detroit, MI 48226

by mailing the same to them  in a sealed envelope, properly addressed, with postage fully prepaid

thereon, and by depositing the same in the United States Mail at Detroit, Michigan.

Bonnie Tessier

Subscribed and sworn to before me
this 21st day of January, 2005

Margaret Cavanaugh
Notary Public, Macomb County, MI
(Acting in Wayne County)

My Commission Expires: August 1, 2008

9

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AHMED HANNAN,

Defendant.

_____/

Case No. 01-80778
Hon. Gerald E. Rosen

## NOTICE OF HEARING

Please take notice that the attached motion and supporting documents will be brought

on for hearing before the Honorable Gerald E. Rosen at a date and time to be set by this

Honorable Court.

Respectfully submitted,

JAMES C. THOMAS, P.C.

By:_____

James C. Thomas P23801
Attorney for Defendant
2632 Buhl Building
535 Griswold Street
Detroit, MI 48226
313-963-2420

DATED:   January 20, 2005

1