



FILED
MAR 22 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 01-80778 |
| Plaintiff, | HONORABLE: GERALD E. ROSEN |
| | OFFENSE: 18 U.S.C. §371 (Conspiracy to Commit Mail Fraud) |
| v. | STATUTORY INCARCERATION PERIOD: Up to 5 years |
| D-2 AHMED HANNAN | |
| Defendant. | STATUTORY FINE AMOUNT: $250,000 |

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, defendant's attorney, and the United States Attorney for the Eastern District of Michigan ("U.S. Attorney") (collectively "the parties") agree as follows:

1.    <u>Guilty Plea.</u>

1

A.    Defendant will plead guilty to count one of the Fourth Superseding Indictment.

B.    The elements of the offense that the government would need to prove beyond a reasonable doubt at trial are:

1.    The defendant knowingly and wilfully agreed with another to commit insurance fraud;

2.    The defendant knowingly and wilfully participated in a scheme to fraudulently obtain insurance related benefits from the Titan Insurance Company; and

3.    The defendant used the United States mail in furtherance of the scheme.

C.    The parties stipulate that the following facts are true:

a. Defendant claimed to have been physically injured in a July 5, 2001 motor vehicle accident in the City of Dearborn, Michigan.

b. Defendant was the driver and insurance policy holder

c. As a result of the accident, defendant submitted personal injury protection claims to Titan Insurance Company for benefits to which he was not entitled;

d. The defendant submitted false and fraudulent invoices purporting to show that he received certain physical therapy which he did not receive. In fact, during

2

times and dates reflecting said certain physical therapy, the Defendant was employed or otherwise enrolled in a truck driving school;

e. The defendant submitted false and fraudulent documentation as proof of incurred costs relating to household replacement services, when in fact said services had never been provided;

f. The defendant falsely claimed entitlement to lost wages, when in fact during times and dates reflecting said lost wages, defendant was employed or otherwise enrolled in a truck driving school.

g. The Defendant falsely claimed reimbursement for fictitious mileage expenses incurred.

h. The United States mail was used to further the above described scheme to defraud the Titan Insurance Company.

2. Sentence Agreement.

A. Sentencing Guidelines. Defendant understands that, under the Sentencing Reform Act, the court will make factual and legal findings about defendant's conduct and criminal history. Defendant understands that these findings will be made based upon information provided by the parties and the United States Probation Officer who prepares the presentence investigation report, the stipulations contained within this agreement, and any other reliable evidence, including hearsay.

3

The court will make these findings applying a preponderance of the evidence standard of proof.

Defendant understands that the Sentencing Guidelines findings made by the court will be used to calculate a sentence range under the Sentencing Guidelines. Defendant understands that the court is not bound by the agreement of the parties as to the correct Sentencing Guideline range. Defendant further understands that in determining the sentence, the court is required to consider the applicable Sentencing Guideline range, but is not required to adhere to that range. Defendant understands that, under the Sentencing Reform Act, the court is required to consider all of the factors enumerated in 18 U.S.C. § 3553(a), in addition to the Sentencing Guideline range, in determining an appropriate sentence.

B.     Imprisonment. Pursuant to Rule 11(c)(1)(C), the parties agree that, due to the Defendant's continued incarceration based upon the Third Superceding Indictment, the Defendant will not be sentenced to any additional term of incarceration. The parties further agree this is a is reasonable and an appropriate disposition of the case. If the court rejects this agreement either party may withdraw from the agreement.

C.     Fine. Pursuant to Rule 11(c)(1)(C), the U.S. Attorney agrees that the defendant lacks sufficient funds with which to pay a fine.

D.     Supervised release.  The court will impose a term of non-reporting supervised release to follow imprisonment.  If defendant violates a condition of release, the court will then be able to impose an additional prison sentence that could be as long as the original term of release.  This agreement does not limit the sentence the court could impose in that situation.

E.     Special Assessment.  Defendant must pay a special assessment of $100 and must bring the receipt to court on the day of sentencing.

F.     Restitution.  Defendant agrees that the court shall order restitution, pursuant to any available provision of law, for any loss caused to:  (1) the victims of any offense charged in this case,  and (2) the victims of any criminal activity that was part of the same course of conduct or same scheme or plan as defendant's charged offenses.  The parties agree, due to the intervening arrests of the defendants, that the insurance fraud scheme resulted in no payments to the defendants, and as such, any restitution obligations are not applicable.

3.     Defendant's Obligations.  Defendant agrees to provide a statement to the U.S. Attorney describing the full scope of the scheme to defraud the Titan Insurance Company including his participation as well as the actions of others who were participants or otherwise involved in facilitating the scheme. The U.S. Attorney agrees not to use this statement in any trial of the above described fraudulent scheme

5

unless the Defendant testifies in a manner inconsistent with his statement. The Defendant further understands that the U.S. Attorney will disclose this statement in a manner consistent with its statutory and constitutional discovery obligations. The Defendant likewise has the ability to disclose any such statement. The U.S. Attorney further agrees not to hold defendant as a material government witness, or as a material defense witness, as it would be obligated to do, providing that an agreement as to suitable stipulated facts representing any known Brady/Giglio material can be reached by the U.S. Attorney with counsel for co-defendant Karim Koubriti.

4.      Stipulation for Judicial Removal.

1.      The defendant admits that he is a citizen of Morocco , is not a citizen or national of the United States, and is removable from the United States pursuant to Title 8, United States Code, Section 1182(a)(2)(A)(i)(I) as a result of his guilty plea and eventual conviction in this case. The defendant further waives any right that he may have to receive notice of intent to request judicial removal and a charge containing factual allegations regarding the removal.

2.      The defendant understands the rights he would possess in a contested judicial removal proceeding and waives his right to examine the

6

evidence against him, to present evidence on his behalf, and to cross-examine witnesses presented by the government.

3.    The defendant further waives any rights that he may have to apply for relief from removal and requests that an order be issued by this court for his removal to his country of citizenship.

4.    The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any rights he may have to appeal the order issued.

5.    <u>Subsequent challenges to conviction or breach of agreement</u>.

A.    If at any time defendant tries to withdraw the guilty plea; attacks the validity of the conviction on any count; or fails to comply with the terms of the agreement, the U.S. Attorney is released from its promises under this agreement and, in particular, may prosecute defendant on any charge that it agreed to dismiss or not to bring.  In addition, if defendant's conviction on any count is vacated, the U.S. Attorney may request resentencing on any remaining count.

B.    Defendant waives a double jeopardy defense as to any charges the U.S. Attorney brings or pursues under the previous paragraph.  Defendant waives any speedy trial or statute of limitations defense for the period of time between the date defendant signed this agreement and (a) the date an order permitting withdrawal of

7

the plea, vacating the plea, or reversing the conviction on any count becomes final, or (b) the date the U.S. Attorney notifies defendant in writing of defendant's failure to comply with the agreement; whichever is later.

6.     Waiver of appeal rights.   If the court imposes a sentence consistent with the terms described in ¶ 2 of this agreement, both the U.S. Attorney and the defendant waive any right they may have to appeal his conviction or sentence.

7.     No other terms.  This document is the entire agreement between defendant and the U.S. Attorney with respect to the charges noted above in this criminal case. It does not prevent any civil or administrative actions against defendant or any property by the U.S. Attorney or any other party.  There are no other parties to this agreement.

8.     Acceptance of agreement.  This offer automatically expires unless it has been received (fully signed) in the Office of the U.S. Attorney by 5:00 P.M.

8

\_\_\_\_\_. The U.S. Attorney reserves the right to modify or revoke the offer prior to defendant's plea of guilty.

Stephen J. Murphy
United States Attorney

Dated:  3/21/05

Alan Gershel  P#29652
Assistant U.S. Attorney
Chief, Criminal Division

Dated: 03/21/05

Eric Straus P#38266
Assistant U.S. Attorney
Deputy Chief, Counter Terrorism Unit

By signing this document, the defendant acknowledges that he has read (or been read) this entire document, understands it and agrees to its terms; and also acknowledges that he is satisfied with his  attorney's advice and representation.

Dated:

Ahmed Hannan
Defendant

Dated: 3/22/05

James C. Thomas
Attorney for Defendant

9

### Concurrence of Department of Homeland Security, U.S. Immigration and Customs Enforcement

On behalf of the Department of Homeland Security, U.S. Immigration and Customs Enforcement, I concur in the request by the U.S. Attorney that a judicial order of removal be entered.

Dated:

Brian M. Moskowitz
Special Agent in Charge