UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA

          Plaintiff,

v.                                    Cr. No. 01-80778

                                    Hon. Gerald E. Rosen

KARIM KOUBRITI,

          Defendant.

_____/

## MOTION FOR DISCLOSURE OF BRADY MATERIALS

Defendant, **KARIM KOUBRITI** by his attorneys, RICHARD HELFRICK and JAMES GEROMETTA, of the Federal Defender Office, moves this Honorable Court for an Order requiring disclosure of evidence pursuant to Fed. R. Crim. P. 16(a)(1)(C) and *Brady v. Maryland*, 373 U.S. 83 (1963), and in support states:

1)     Defendant Koubrit is charged in an Indictment with Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 371.

2)     The government has an affirmative duty to disclose evidence favorable to the Defendant and material to guilt or punishment, including favorable sentencing information. *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976). *See also*, *Kyles v. Whitley*, 115 S.Ct. 1555 (1995) (re-affirming and clarifying the principles of *Brady* and its progeny).

1

3)      Impeachment evidence falls within the *Brady* rule.  *United States v. Bagley*, 473 U.S. 667 (1985).  *See Kyles v. Whitley, supra*, where the Supreme Court reversed based on the government's failure to disclose exculpatory evidence, including impeachment evidence.

4)      The purpose of the discovery rules is to reduce surprise and promote early resolution of issues of admissibility, as well as to enhance the fairness of criminal trials.  *United States v. Barnes*, 49 F.3d 1144 (6th Cir. 1995) (disclosure of Rule 404(b) evidence before trial promotes the general purposes of the discovery rules).  Exculpatory evidence should similarly be disclosed prior to trial to avoid delay, to ensure fairness and to ensure effective use of the evidence at trial.  *United States v. Male*, 864 F.2d 641 (9th Cir. 1988); *United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988).

5)      Pursuant to *Brady* and its progeny, Defendant requests the following information:

A)      The prior criminal records, adult and juvenile, of all government witnesses;

B)      Any prior acts committed by the government witnesses that are arguably probative of the witnesses' character for dishonesty or truthfulness within the meaning of Fed. R. Evid. 608(b);

C)      The names and addresses of witnesses who contradict or fail to support the allegation that Mr. Koubriti combined, conspired, confederated, and agreed to commit Mail Fraud in violation of 18 U.S.C. § 1341;

D)      The existence, substance and manner of execution of any  consideration, promise, agreements, understandings or inducement given to any potential witness or person whose sworn testimony or statements were used to obtain the Indictment, or whose statements may be used at trial, by an agent, attorney, employee of the government, or  any

other agency, organization or individuals who may benefit or assist in the investigation and/or trial, as well as any consideration expected or hoped for by the witness. "Consideration" refers to anything of value or use, including rewards of money or other valuable consideration; criminal, civil or tax immunity grants; relief from forfeiture; assistance or favorable treatment with respect to any criminal, parole, supervised release, probation, civil, administrative or other legal dispute with the government or any other parties; payments of money or fees; witness fees and special witness fees; provisions of food, clothing, shelter, transportation or other like benefits to the witness, his/ her family or associate; placement in a "witness protection program" or anything else that could arguably reveal an interest or bias in favor of the government or against the defense or act as an inducement to testify or color testimony. This request includes:

(i) any promise to not prosecute the person or a third party for any crime; to provide a formal grant of statutory immunity or an informal assurance that the person will not be prosecuted in connection with any testimony given by him or her; or any plea agreement(s);

(ii) any promise to recommend leniency in sentencing for any crime, including recommended sentencing departure under U.S.S.G. §5K1.1, 18 U.S.C. §3553(e) and/or Fed. R. Crim. P. 35(b) or other similar state provision(s);

(iii) any promise to provide favorable treatment or consideration, including money or the like, to any informant, special employee, alleged co-conspirator, alleged accomplice, alleged aider and abettor, tipster, or snoop, (whether or not the persons are indicted or unindicted), who was interviewed in connection with this case or who may be called as a witness, together with the dates of payment, where made, to whom made, the reasons for any such sums, as well as all receipts, vouchers, or other book and records concerning consideration expended; and

(iv) any promise to compromise or diminish, or to recommend the compromise or diminution of any federal, state or local taxes the person or friends or relatives of the person owe or claim to owe;

E)      Any information or statement regarding pressure of any form placed on potential witnesses to testify unfavorably to Mr. Koubriti by an agent, attorney, employee for the government, or any other agency, organization or individuals who may benefit or assist in the investigation and/or trial;

F)      Any other material that may impeach a government witness, including:

i)      prior inconsistent statement;

ii)     evidence of bias or defect in capacity to observe or recollect;

iii)    proof that material facts are otherwise than expected;

iv)     whether a witness is subject to or under any civil or criminal justice penalty; and

G)      Any potential witness's statement and/or documents that do not support, either by omission or direct contradiction, the allegations that Mr. Koubriti was involved with the offense in the Indictment.

H)      The nature, results and reports of any scientific tests, physical or mental examinations or tests, or measures or experiments made in connection with this case, including analysis of tape recordings or wiretaps, handwriting analysis, fingerprint comparisons, and/or voice identifications.

I)      Any information regarding any electronic surveillance, eavesdropping, interceptions of communications, wiretapping, listening or any similar investigative techniques used in the investigation of this case.  If such techniques have been used, Mr. Koubriti asks that the government afford his attorney(s) with a true, complete and correct copy of any such recordings or interceptions, together with an accurate transcript, and any log reflecting the date

4

the recordings or interceptions were made, the names of the government agents who participated in the recordings or interceptions and the identity of all speakers on the recordings or interceptions.

J)        The date, place, circumstance and names of all individuals involved in any identification procedures (photographic, corporeal or any other type), interrogations, searches or seizures of any type that were conducted in connection with the investigation of this case.

K)        Any information regarding whether any person has been given a polygraph examination in connection with the government's investigation of this case.  If so, Mr. Koubriti requests a list of the names of the person(s); the name and address of the operator; the date of the examination; and a copy of the questions and answers posed, as well as any interpretations and results.

L)        Any information regarding whether the government has paid money or the like for any piece of tangible or physical evidence that may be used in connection with this case. If so, Mr. Koubriti asks for the name, address and telephone number of the person; the amount and date of payment; and the tangible or physical evidence obtained.

M)        Any and all personnel files for any witness who may potentially be called by the government at trial and the existence and identity of all government files for the witness.

N)        Any evidence or information obtained in connection with the investigation of this case that establishes Mr. Koubriti's good character or his lack of reputation for committing the act(s) that constitute any crime(s) in question here.

O)      Any evidence or information tending, however slightly, to link any crime(s) in question in this case, including Fed. R. Evid 404(b) acts, to someone other than the defendant.

6)      The information requested in paragraphs 5(A) through 5(O) is either in the possession of the government or, by due diligence, can be obtained by the government.  Mr. Koubriti, on the other hand, has no other reasonable means to obtain the requested information.

7)      While the Government has been cooperative in providing discovery as requested, Mr. Koubriti files this motion to promote clarity in the materials sought as well to ensure that the record reflects his requests.

8) Defendant Koubriti's requests include any *Brady* or *Giglio* materials which may be "classified" information.  Said materials can be subject to an appropriate protective Order of the Court.

THEREFORE, Defendant Koubriti requests this Honorable Court to enter an Order requiring disclosure of the requested *Brady* information before trial.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**


s/ Richard M. Helfrick, P33323

s/  James Gerometta, P60260 (w/consent)
Attorneys for Mr. Koubriti
645 Griswold, Ste. 2255
Detroit, MI 48226
Phone: (313) 961-4150
E-mail: richard_helfrick@fd.org

Dated:  July 18, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA

           Plaintiff,

vs.                                 Cr. No. 01-80778
                                 Hon. Gerald E. Rosen

KARIM KOUBRITI,

           Defendant.
_____/


BRIEF IN SUPPORT OF
MOTION FOR DISCLOSURE OF BRADY MATERIALS

ISSUE PRESENTED

WHETHER THE COURT SHOULD ENTER AN ORDER REQUIRING THE GOVERNMENT TO DISCLOSE THE REQUESTED BRADY MATERIAL?

i

TABLE OF AUTHORITIES

Supreme Court Cases

*Brady v. Maryland*,
  373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

*Giglio v. United States*,
  405 U.S. 150 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

*Kyles v. Whitley*,
  514 U.S. 419 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5, 6

*Napue v. Illinois*,
  360 U.S. 264 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Pennsylvania v. Ritchie*,
  480 U.S. 39 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Stricker v. Greene,*
  119 S.Ct. 1936, 1948 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 2

*United States v. Agurs*,
  427 U.S. 97 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

*United States v. Bagley*,
  473 U.S. 667 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2, 4

Circuit Court Cases

*Scheldwitz v.  United States,*
  169 F.3d 1003 (6th Cir.  1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*United States v. Barnes*,
  49 F.3d 1144 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*United States v.  Frost,*
  125 F.3d 346 (6th Cir.  1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*United States v. Gordon*,
  844 F.2d 1397 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*United States v. Male*,
  864 F.2d 641 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*United States v. Pollock*,
534 F.2d 964 (D.C. Cir.) *cert. denied*,
429 U.S. 924 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Presser*,
844 F.2d 1275 (6th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Starusko*,
729 F.2d 256 (3rd Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

District Court Cases

*Ahlers v. Schebil*,
994 F.Supp 856 (E.D. Mich 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Deutsch*,
373 F. Supp. 289 (S.D. N.Y. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Five Persons*,
472 F. Supp. 64 (D.N.J. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Ranger Electronic Communications, Inc.,*
22 F.Supp 2d.667 (W.D. Mich. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Shoher*,
555 F. Supp. 346 (S.D.N.Y. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MISCELLANEOUS

Fed. R. Crim. P. 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

McCormick, *Evidence*, §33 (3d. Ed. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## I.  LAW AND ARGUMENT

### A.
### The Government Has An On-Going Responsibility To Disclose Any Evidence Known To Any Of Its Agents That May Be Favorable To the Defense.

The recognition of the prosecutor's affirmative duty to disclose evidence favorable to a criminal defendant originated in the early twentieth century, and is commonly associated with the United States Supreme Court ruling in *Brady v. Maryland*, 373 U.S. 83 (1963).  The *Brady* Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecutor."  *Id.*, 373 U.S. at 87.  Evidence is "material" if there is a "reasonable probability" that the trial result would have been different had the evidence not been withheld.  A reasonable probability of a different result is shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial." *Kyles v. Whitley*, 514 U.S. 419, 434 (1994) (*quoting United States v. Bagley*, 473 U.S. 667, 678 (1985)); *Strickler v. Greene*, 119 S.Ct. 1936, 1948 (1999).  Courts in this circuit have described the focus of the inquiry as "whether the evidence, taken from the defendant's perspective, has a 'favorable tendency.'"  *See e.g., Ahlers v. Schebil*, 994 F.Supp. 856, 866 (E.D. Mich. 1998).

The Supreme Court later extended the purview of potential violations beyond merely evidence the defendant requested, and held that a prosecutor has an obligation to disclose favorable material information whether or not it is requested, and whether it constitutes exculpatory or impeachment evidence. *See Giglio v. United States,* 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *Bagley*, *supra*;  See also *Strickler*, 119 S.Ct. at 1948 (overview elements to a *Brady* violation).  *Brady* is not a rule of discovery; rather, it "is based

1

on the requirement of due process," and as such is a rule of fairness and minimum prosecutorial obligation. *Bagley*, 473 U.S. at 675.

*Brady* and its progeny "illustrate the special role played by the American prosecutor in the search for truth in criminal trials." *Strickler*, 119 S.Ct. at 1948. The *Strickler* Court summarized the role of the prosecutor as follows:

> Within the federal system, for example, we have said that the United States Attorney is "the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."

*Id.*, at 1948 (*quoting Berger v. United States*, 295 U.S. 78, 88 (1935)).

In *Kyles v. Whitley*, the Court reversed a first degree murder conviction based upon the government's failure to disclose material evidence favorable to the defendant. Focusing on the unique role of the prosecutor, the Court noted that disclosure of favorable evidence will tend to "preserve the criminal trial, as distinct from the prosecutor's private deliberations, as the chosen forum for ascertaining the truth about criminal accusations." *Id.*, 514 U.S. at 439-40 (citations omitted).

The prosecutor, of course, is not required to disclose his entire file. He is afforded a degree of discretion in deciphering what is favorable and material. That discretion is tempered, however, by a corresponding burden to "gauge the likely net effect" of all of the evidence and make the decision to disclose when "the point of 'reasonably probability'" is reached. *Kyles v. Whitley*, 514 U.S. at 437. In light of the burden placed upon him, a prosecutor who is "anxious about tacking too close to the wind will disclose a favorable piece of evidence," resolving all doubtful questions in favor of disclosure. *Id.* at 439. If the exercise of discretion leads to the

suppression of favorable material evidence, whether in good or bad faith, the prosecutor is held responsible. Even dereliction or neglect on the part of the police agency responsible for forwarding information to the government will not absolve the prosecutor of his duty. Since "procedures and regulations can be established to carry [the prosecutor's] burden and to insure communication of all relevant information on each case ...," an individual prosecutor has the duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including police. *Kyles*, 514 U.S. at 438.

Finally, the prosecutor's duty to disclose is ongoing. In *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1986), the Court said: "...the duty to disclose is ongoing; information that may be deemed immaterial upon original examination may become important as the proceedings progress, and the court would be obligated to release information material to the fairness of the trial."

The government's duty under *Brady* was again re-affirmed in light of Congress' recent adoption of the Hyde Amendment, which assesses the penalty of attorneys fees and litigation expenses to the prevailing party in a criminal case where the court determines that the position of the United States was vexatious, frivolous, or in bad faith. A Western District of Michigan District Court Judge recently noted that in light of the Hyde Amendment, the prosecution's duty to disclose is of particular importance. *United States v. Ranger Electronic Communications Inc.,* 22 F.Supp 2d. 667 (W.D. Mich. 1998). The court ruled that the duty to disclose applies regardless of the good or bad faith of the prosecution and regardless of whether a request for information was made. *Id.* at 674.

3

**B.**

***Brady* And Its Progeny Requires Disclosure Of Impeachment Evidence.**

In addition to what is clearly exculpatory information, the government has an obligation to disclose information that might be used to impeach its witnesses. In *United States v. Bagley*, the Court stated:

> In the present case, the prosecutor failed to disclose evidence that the defense might have used to impeach Government's witnesses by showing bias or interest. Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady* rule.... Such evidence is "evidence favorable to an accused," ... so that if disclosed and used effectively, it may make the difference between conviction and acquittal.

473 U.S. at 676. The Court also reversed in *Kyles v. Whitley*, in part, because the government failed to disclose impeachment evidence favorable to the defendant's defense at trial. Some of the evidence the government failed to disclose in that case included: eyewitness statements with diverse descriptions of the offender; a non-testifying informant's inconsistent statements; and evidence linking that non-testifying informant to other crimes.

The Supreme Court explained the rationale behind requiring government disclosure of information bearing upon the credibility of its witnesses, as well as matters more directly material to guilt or innocence, in *Napue v. Illinois*, 360 U.S. 264, 269 (1959):

> The jury's estimate of the truthfulness and reliability of a given witness may be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

Courts should further decide under Fed. R. Crim. P. 16(a)(1)(C) whether the defendant's request for impeachment evidence embraces matters that are "material to the preparation of [the] defense." Federal Courts have noted the special materiality of impeaching information with respect to Rule 16(a)(1)(C): "...aside from outright exculpatory items, it is difficult to imagine

4

information more material than impeachment evidence as to major government witnesses."

*United States v. Five Persons*, 472 F.Supp. 64,67 (D.N.J. 1979).

McCormick identifies five main lines of attack upon the credibility of a witness:

> There are five main lines of attack upon the credibility of a witness. The first, and probably the most effective and most frequently employed, is an attack by proof that the witness on a previous occasion has made statements inconsistent with his present testimony. The second is an attack by showing that the witness is biased on account of emotional influences such as kinship for one party or hostility to another, or motive or pecuniary interest, whether legitimate or corrupt. The third is an attack upon the character of the witness. The fourth is an attack by showing a defect of capacity in the witness to observe, remember or recount the matters testified about. The fifth is proof by other witnesses that material facts are otherwise than as testified to by a witness under attack.

McCormick, *Evidence*, §33 at pp. 111-12 (4th Ed 1992).

Since impeachment evidence falls within the *Brady* rule, its disclosure should be ordered.

## C.
### The Materiality of Evidence Is Based on the Cumulative Effect of its Exculpatory and Impeachment Value.

The exculpatory and impeachment value of evidence should not be evaluated separately under *Brady*. Whether or not the exculpatory or impeachment value of evidence individually meets the standard of materiality in *Kyles*, the cumulative effect of both the exculpatory and impeachment value must be considered to determine if the evidence is material. The evidence must be assessed collectively, not item by item. *Kyles,* 514 U.S. at 436; *Scheldwitz v. United States*, 169 F.3d 1003 (6th Cir. 1999).

On post-conviction review, the defendant in *Scheldwitz* challenged the prosecutor's failure to turn over material pursuant to a *Brady* request. The trial court analyzed the

5

exculpatory and impeachment value of the undisclosed evidence separately and determined that it did not meet the materiality standard required for disclosure.

In determining whether the evidence met the materiality standard, the Sixth Circuit, appraised the evidence for either its exculpatory or impeachment value, recognizing that, "as *Kyles* mandates, we must consider the collective exculpatory effect of the nondisclosed evidence." *Scheldwitz*, 169 F.3d at 1013.  While the Court declined to decide whether each item individual item of evidence met the *Kyles* materiality test, it ruled that it should have been disclosed:

> Whether or not either the collective exculpatory value or the collective impeaching value of the undisclosed evidence in this case could meet the *Kyles* "reasonable probability" test of materiality is a close call.  However, taking the entire cumulative effect into account, we are of the opinion that the standard has been met in this case.

*Scheldwitz*, 169 F.3d at 1016.  The Court emphasized the role of *Brady* evidence in assuring a fair trial for the defendant.  Because the cumulative effect of evidence may significantly alter a defendant's trial strategy, the government must disclose evidence if the cumulative effect of its exculpatory and impeachment value taken together "undermine confidence in the outcome" of the trial.  *Scheldwitz*, 169 F.3d 1012 (quoting *United States v. Bagley*, 473 U.S. at 682).  See also *United States v.  Frost*, 125 F.3d 346 (6th Cir.  1997).

### D.
### The Government Must Disclose *Brady* Evidence Before Trial.

The disclosure of evidence favorable to the defense, as well any information impeaching the credibility of witnesses, must be timed so as to enable effective preparation for trial.  In *United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1995), the Sixth Circuit recognized that the purpose of the discovery rules is to reduce surprise and promote early resolution of issues

6

of admissibility, as well as enhance the fairness of criminal trials. In keeping with those purposes, the *Barnes* Court noted that the government must identify any Fed. R. Evid. 404(b) evidence before trial. To similarly maintain the purposes of the discovery rules, the government must be required to disclose any *Brady* materials before trial.

The Sixth Circuit has indicated that purely impeachment evidence relating to a government's witness's credibility is exempt from pretrial discovery. Rather, such evidence must merely be disclosed "in time for its effective use at trial." *See*, *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988). The evidence ordered disclosed before trial and in dispute in *Presser* was purely credibility impeachment evidence covered by the Jencks Act. Thus, *Presser* should not affect pre-trial discovery of other exculpatory evidence. While pretrial disclosure of purely impeachment evidence may not be required under *Presser*, pretrial disclosure would avoid unnecessary delays that may be required if the disclosure is made during trial.[1] Moreover, due process requires that such evidence be turned over before it is too late for the defendant to make use of any benefits of the evidence. *United States v. Male*, 864 F.2d 641 (9th Cir. 1988); *United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988).

---

[1]Other Federal Courts have noted that evidence favorable to the defense must often be disclosed before trial to protect the fairness of the trial. *See United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir.), *cert. denied*, 429 U.S. 924 (1976) (Lumbard, J., sitting by designation) ("Disclosure by the government must be made at such time as to allow the defense to use the favorable material effectively in preparation and presentation of its case, even if satisfaction of this criterion requires pretrial disclosure."); *United States v. Shoher*, 555 F.Supp. 346, 352 (S.D.N.Y. 1983), quoting, *United States v. Deutsch*, 373 F.Supp 289, 290 (S.D.N.Y. 1974) ("exculpatory information may come too late if it is given only at trial...."); *United States v. Starusko*, 729 F.2d 256 (3rd Cir. 1984)(applauding district court's order requiring pretrial disclosure of Brady material, which perpetuating the circuit's "longstanding policy of encouraging early production.").

THEREFORE, Defendant requests this Honorable Court to enter an Order requiring disclosure of the requested *Brady* information before trial.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Richard M. Helfrick, P33323

s/  James Gerometta, P60260 (w/consent)
Attorneys for Mr. Koubriti
645 Griswold, Ste. 2255
Detroit, MI 48226
Phone: (313) 961-4150
E-mail: richard_helfrick@fd.org

Dated:  July 18, 2005

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff,                  Cr. No.   01-80778

      vs.

                                    Hon. Gerald E. Rosen

KARIM KOUBRITI,

                    Defendant.

_____/


## CERTIFICATE OF SERVICE


      I hereby certify that on July 18, 2005 , I electronically filed the foregoing paper with the

Clerk of the Court using the ECF system which will send notification of such filing to the

following:


                    Alan Gershel
                    Eric Straus
                    Assistant U.S. Attorneys
                    United States Attorney's Office
                    211 W. Fort, Suite 2001
                    Detroit, MI  48226


                    s/ Richard M. Helfrick, P33323