UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    Cr. No. 01-80778
v.                                                Hon. Gerald E. Rosen

KARIM KOUBRITI,

                    Defendant.
_____/

**MOTION FOR DISCOVERY**
**RE: INDEPENDENT INVESTIGATIONS**

   **NOW COMES** Defendant, **KARIM KOUBRITI,** by his attorneys RICHARD

HELFRICK and JAMES GEROMETTA, and moves this Honorable Court to enter an Order

requiring the Government to disclose any and all case-related misconduct by former

Assistant U.S. Attorney(s) involved in the prosecutions of Defendant which has not been

disclosed to date.  Defendant files a supporting Brief and further states:

   **1)**   Defendant is presently charged in an Indictment with Conspiracy to Commit

Mail Fraud, 18 U.S.C. §§ 371, 1341;

   **2)**   Defendant was previously charged in a Third Superseding Indictment with

Conspiracy to Provide Material Support to Terrorists, 18 U.S.C. §§ 371, 2339A, and various

Fraud related offenses;

   **3)**   On June 3, 2003, Defendant was found guilty on Counts One and Two of the

Third Superseding Indictment;

   **4)**   Defendant filed a Motion for New Trial and several supplemental Briefs in

support thereof following the verdict.  The Court ordered a complete file review by the

1

Government and ultimately the Government filed a Response concurring in the Defendant's Motion for a New Trial and dismissing Count One;

**5)** On September 2, 2004, this Court entered an Opinion and Order dismissing Count One and ordering a new trial;

**6)** At some point following the verdict the Assistant U.S. Attorney(s) who conducted the trial for the Government became the subject of professional and/or ethical and/or criminal investigations by the U. S. Department of Justice;

**7)** Insofar as any of those investigations have unearthed additional instances of prosecutorial misconduct in connection with the prosecution of Defendant, Mr. Koubriti requests this Court to enter an Order requiring disclosure to the defense of that information so that it can be used to support a Motion to Dismiss the present Fourth Superseding Indictment and/or in conjunction with a renewed Motion to Suppress Evidence relating to the arrest and search at the Norman Street residence.

**WHEREFORE,** Defendant requests that this Honorable Court enter an Order requiring the Government to disclose any additional acts of prosecutorial misconduct relating to the criminal prosecutions of Mr. Koubriti.

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Richard M. Helfrick, P33323

s/  James Gerometta, P60260 (w/consent)
Attorneys for Mr. Koubriti
645 Griswold, Ste. 2255
Detroit, MI 48226
Phone: (313) 961-4150
Dated:  July 19, 2005        E-mail: richard_helfrick@fd.org

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,

                                          Cr. No. 01-80778

                                          Hon. Gerald E. Rosen

KARIM KOUBRITI,


                Defendant.
_____/


**BRIEF IN SUPPORT OF
MOTION FOR DISCOVERY
RE: INDEPENDENT INVESTIGATIONS**

**I.**

Mr. Koubriti, along with Ahmed Hannan, Abdel Elmardoudi and Farouk Ali-Haimoud, went to trial on the Third Superseding Indictment.  On June 3, 2003, Mr. Koubriti was found guilty on Counts One and Two of the Third Superseding Indictment.  Following the verdict, the Defendant(s) filed a Motion for New Trial and a couple of supplemental memorandum in support thereof.  On December 12, 2003, at a hearing regarding the infamous Butch Jones letter, the Court ordered the Government to conduct a thorough review of the case.  Following that review the Government filed a Response Concurring in the Defendants' Motions for a New Trial and Motion to Dismiss Count One.

On September 2, 2004, this Court entered an Opinion and Order granting the Defendants a new trial and dismissing Count One of the Third Superseding Indictment.  *See, United States v. Koubriti,* 336 F.Supp.2d 676 (E.D. Mich.  2004).  In footnote 2 of that Opinion and Order, this Court wrote: "These intervening events included internal Justice Department investigations by the Office of Professional Responsibility and the Office of Professional Integrity into the conduct of the original prosecution team."  *Koubriti, supra.* 336 F.Supp.2d 676, 678.  In addition, in an editorial that appeared in the *Detroit Free Press* on Friday, January 7, 2005, Mrs. Val Convertino wrote: " . . . the Justice Department has seized Rick's computer, mail and work files; read all of his e-mails; *launched at least four investigations*; . . . . " (Emphasis added).

**II.**

While the Defendant has in his previous Motions and Briefs detailed the instances of prosecutorial misconduct which occurred at trial and the Government has detailed *some* of the instances of prosecutorial misconduct that were discovered during their file review, those

1

motions and responses do not purport to be an exhaustive list of all prosecutorial misconduct. In fact, there are more instances of prosecutorial misconduct which were contained in the documents turned over to the defense by the Government on July 1, 2004, and which are still subject to the Protective Order entered by the Court on June 29, 2004.

The U.S. Justice Department's investigation has most certainly been concluded by now. If there are additional instances of prosecutorial misconduct which relate to the original investigation and prosecution of Mr. Koubriti, the evidence thereof should be turned over to the defense.[1] The defense anticipates the filing of a Motion to Dismiss the Fourth Superseding Indictment based upon due process grounds and should be able to fully document the extent of the government misconduct.

In addition, it is also a possibility that the additional instances of misconduct (if such exist) could affect the reliability of the Court's previous decision in this case relating to the propriety of the search of the Norman Street address. *See, United States v. Koubriti,* 199 F.Supp.2d 656 (E.D. Mich. 2002). The Government has previously turned over evidence that at least one agent was directed to alter his 302 to attribute statements to Mr. Hannan that he never made during the course of the search of the Norman Street address or when he was interrogated following his arrest. If the independent investigations have discovered additional misconduct relating to the search of the Norman Street address and the arrest of Mr. Koubriti, that information should be turned over immediately.

---

[1]The Court can fashion whatever Protective Order deemed necessary. The previous Protective and "Gag" Orders have been obeyed by the defense - although not by A.G. John Ashcroft.

**III.**

For the foregoing reasons, Defendant requests this Honorable Court to enter an Order requiring the Government to disclose any additional acts and/or omissions of prosecutorial misconduct which have been discovered as a result of related investigations in the case of *United States v. Karim Koubriti.*

Respectfully submitted,

**FEDERAL DEFENDER OFFICE**

s/ Richard M. Helfrick, P33323

s/  James Gerometta, P60260 (w/consent)
Attorneys for Mr. Koubriti
645 Griswold, Ste. 2255
Detroit, MI 48226
Phone: (313) 961-4150
E-mail: richard_helfrick@fd.org

Dated:  July 19, 2005

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,            Cr. No.   01-80778

    vs.

                                    Hon. Gerald E. Rosen

KARIM KOUBRITI,

                Defendant.

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2005 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Alan Gershel
> Eric Straus
> Assistant U.S. Attorneys
> United States Attorney's Office
> 211 W. Fort, Suite 2001
> Detroit, MI  48226

                                      s/ Richard M. Helfrick, P33323