UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Criminal No. 01-80778

vs.

                                  HON. GERALD E. ROSEN

KARIM KOUBRITI,

        Defendant.

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO KOUBRITI'S MOTION TO DISMISS FOR VIOLATION OF THE DOUBLE JEOPARDY CLAUSE

Defendant Karim Koubriti has moved to dismiss the Fourth Superseding Indictment charging him with a single count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 371.

Koubriti was convicted, following a trial with three co-defendants which ended in June of 2003, on Counts One and Two of the Third Superseding Indictment. Those counts charged Koubriti with conspiracy to provide material support to terrorists in violation of 18 U.S.C. §§ 371 and 2339A, and conspiracy to engage in fraud and misuse of visas, permits, and other documents in violation of 18 U.S.C. § 371, respectively. Following his conviction, the defendant filed motions for a new trial, and this Court ordered counsel for the government to undertake a thorough review of

the file in light of the defendant's allegations of the non-disclosure of exculpatory and/or impeachment evidence on the part of the prosecution team.  Upon completion of that review process, counsel for the government acquiesced in the defendant's request for a new trial and also moved to dismiss Count One of the Third Superseding Indictment without prejudice.  (R. 562 & 571).[1]  On September 2, 2004, this Court issued its Opinion and Order dismissing Count One of the Third Superseding Indictment without prejudice and granting a new trial.  *United States v. Koubriti*, 336 F.Supp.2d 676 (E.D. Mich. 2004).

On December 15, 2004, a Fourth Superseding Indictment, containing a single count of conspiracy to commit mail fraud, was returned.  (R. 580).  Koubriti now seeks dismissal of that indictment on double jeopardy grounds, claiming that prosecutorial misconduct on the part of the prosecutor "should prevent retrial" and also that the charged mail fraud conspiracy is somehow the "same offense" as the Third Superseding Indictment's conspiracy to provide material support to terrorists.

---

[1]The remaining count in the Third Superseding Indictment (Count Two) was dismissed upon the filing of the Fourth Superseding Indictment.

**I.     Koubriti May Not Avail Himself of the Protection of the Double Jeopardy Clause Where He Affirmatively Sought a New Trial Following Conviction.**

"The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *United States v. Doyle*, 121 F.3d 1078, 1083 (7th Cir. 1997)(citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). "The Double Jeopardy Clause, however, does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982).

> Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. **It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.** From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interest.

*United States v. Tateo*, 377 U.S. 463, 466 (1964)(emphasis added). *See also Lockhart v. Nelson*, 488 U.S. 33, 38 (1988)(noting that "[i]t has long been settled...that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first

3

conviction set aside...because of some error in the proceedings leading to conviction.").[2]

That is precisely what Koubriti has done – he has successfully obtained the vacation of both of his criminal convictions without prejudice.  It is quite clear that no double jeopardy principles are implicated by a new indictment on different charges under these circumstances.

However, Koubriti contends that his case should be analyzed under the principles of *Oregon v. Kennedy*, 456 U.S. 667 (1982), which dealt with the mid-trial grant of a mistrial at the defendant's request due to improper questioning on the part of the prosecutor.  Of course, where a defendant seeks and is granted a mistrial based on error, including error based on prosecutorial or judicial misconduct, during the trial, the Double Jeopardy Clause generally does not bar a retrial.  This is so because "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error."  *United States v. Dinitz*, 424 U.S. 600, 609 (1976).

However, as Koubriti correctly points out, the Supreme Court in *Oregon v. Kennedy* carved out a "narrow exception" to the rule that where the defendant moves

---

[2]An exception to this proposition is where the defendant's conviction is reversed based on a finding that the evidence was legally insufficient to support the conviction.  *Lockhart*, 488 U.S. at 39.

for a mistrial, the Double Jeopardy Clause is not a bar to a retrial.  Under that exception, "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion."  456 U.S. at 676.

Courts have, however, been reluctant to find the intent necessary to satisfy the *Kennedy* standard.  *See, e.g.*,  *United States v. Curry*, 328 F.3d 970, 973 (8th Cir. 2003)(district court's ruling that retrial was not barred following post-trial grant of defendant's mid-trial motion for mistrial upheld on basis that, despite prosecutor's withholding of material impeachment evidence and improper comments during closing argument, these actions were not an attempt to goad defendant into requesting a mistrial);  *United States v. Gonzalez*, 248 F.3d 1201, 1204 (10th Cir. 2001)(appeal not barred because government's intent in introducing allegedly prejudicial evidence may have been conviction rather than mistrial);  *United States v. Strickland*, 245 F.3d 368, 384 (4th Cir. 2001)(government's concealment  of discoverable materials held not intended to provoke mistrial);  *Greyson v. Kellam*, 937 F.2d 1409 (9th Cir. 1991) (no double jeopardy bar to retrial where misconduct showed the prosecutor's desire to <u>convict</u>, and not an intent to goad defendant into moving for a mistrial);  *United States v. Thomas*, 728 F.2d 313, 318 (6th Cir. 1984)(no double jeopardy bar to retrial

where the Court's "review of the record leads us to conclude that none of the prosecutor's behavior here will pass the intentional-goading-into-mistrial test of *Oregon*.").

Accordingly, even if Koubriti's trial had been aborted via a motion for mistrial (which it was not), he cannot establish that the *Brady* violations found to have occurred here were undertaken with the intent to provoke a mistrial in anticipation of an impending acquittal. If anything, we submit that the course of proceedings which occurred here evince the prosecutors' unmistakeable and over-zealous intent to convict Koubriti and his accomplices. Koubriti has not established any concern on the prosecution's part over a potential acquittal; in fact, the sufficiency of the government's proofs was confirmed by this Court's unhesitating denial of the defense's Rule 29 motions at the conclusion of the government's case. (5/6/03 Trial Tr. at 4892). *E.g., Curry*, 328 F.3d at 973 (upholding district court's denial of double jeopardy motion where lower court found that "it [was] highly unlikely that the government created the pretrial discovery error to halt a trial that was not going well," and that an intent to provoke a mistrial was not established because "[t]his was not a case...that was progressing badly for the government" and that "[t]he government had no reason to believe that the evidence would improve in a second trial.").

However, in the final analysis, the fact that Koubriti's trial was not aborted due to a mistrial motion disposes of his claim for double jeopardy protection.  Koubriti cites to *dicta* in *United States v. Wallach*, 979 F.2d 912 (2d Cir. 1992), for the proposition that "in cases where the misconduct remains hidden until after a verdict is returned and an acquittal is avoided by prosecutorial misconduct, the same rationale [as that underlying *Oregon v. Kennedy*'s mistrial ruling] should prevent retrial." Def's Brief in Support at 3-4.  While the Second Circuit seems willing to extend the *Kennedy* rationale to post-verdict dismissals,[3] other appellate courts, including the Sixth Circuit, do not.  *United States v. Davis*, 873 F.2d 900, 906 (6th Cir. 1989) (noting that "*Oregon* is a specimen of what we might call the 'mistrial' branch of double jeopardy law" and concluding that **because "no mistrial was declared at Mr. Davis's trial** [Davis's conviction had been overturned on appeal]**, [] *Oregon* and its relatives do not apply here."** (emphasis added)).  *Accord*, *United States v. McAleer*, 138 F.3d 852, 855-56 (10th Cir. 1998)(retrial not barred because defendants failed to obtain mistrial before verdict, despite having guilty verdicts set aside after prosecution

---

[3]Although it appears that even the Second Circuit would apply any such extension of *Kennedy* quite sparingly.  *Cf. United States v. Pavloyianis*, 996 F.2d 1467, 1474 (2d Cir. 1993)(retrial after conviction not barred as a result of perjury by prosecution witness because no evidence that prosecutorial misconduct in allowing perjury, of which prosecution should have been aware, was perpetrated with specific objective of avoiding acquittal that prosecution viewed as likely).

conceded erroneous questioning of witness).  *See generally United States v. Doyle*, 121 F.3d 1078, 1086-87 (7th Cir. 1997)(reserving decision on *Wallach* extension of *Kennedy*, and noting that "in this Circuit, all that bars a retrial under *Kennedy* is the prosecution's intent to abort the trial," citing *United States v. Jozwiak*, 954 F.2d 458, 460 (7th Cir. 1992)("*Kennedy* distinguishes intent to improve the chance that the trier of fact will return a favorable decision from the forbidden intent to *avoid* a decision by the trier of fact." (emphasis in original)).[4]

Because the Sixth Circuit has not extended *Kennedy* to situations involving post-conviction dismissals or reversals, Koubriti can state no viable claim for double jeopardy protection as a result of his re-indictment following this Court's vacation of his prior convictions.

---

[4]The facts and procedural history of *United States v. Doyle*, 121 F.3d 1078, 1083-87 (7th Cir. 1997), involving the ill-fated prosecution of members of the El Rukn street gang in Chicago, share considerable similarity with those presented here and may be instructive to the Court.

**II.     Even If Koubriti Were Entitled to Raise a Double Jeopardy Claim, Any Such Claim Must Fail in Light of the Complete Dissimilarity Between the Charged Conspiracies.**

Even if Koubriti had alleged a potentially viable double jeopardy claim, that claim would fail for the reasons which follow.

It is well-settled that the same-elements test of *Blockburger v. United States*, 284 U.S. 299, 304 (1932), establishes that:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not....(citations omitted)  A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.  (citations omitted)

As the Sixth Circuit recognized in *United States v. Benton*, 852 F.2d 1456, 1464-66 (6th Cir. 1988), where a defendant is acquitted of one conspiracy charge (in *Benton*, a Hobbs Act conspiracy under 18 U.S.C. § 1951), a subsequent drug conspiracy charge under 18 U.S.C. § 846 states a different conspiracy offense under *Blockburger* and presents no double jeopardy concerns.

The same result obtains here. Koubriti contends that the Third Superseding Indictment's charge of conspiring to provide material support or resources to terrorists in violation of 18 U.S.C. §§ 2339A and 371 should be deemed the "same offense" as

the Fourth Superseding Indictment's charge of conspiring to commit mail fraud in violation of 18 U.S.C. §§ 1341 and 371.  However, the offense of conspiracy to provide material support to terrorists charged in the Third Superseding Indictment required that the government prove the following elements: 1) an agreement between two or more individuals to either 2) destroy specific property belonging to a foreign government in violation of 18 U.S.C. § 956(b) or destroy or damage a structure within the United States in violation of 18 U.S.C. § 2332(b); 3) the defendant's knowing participation in the agreement; and 4) an overt act toward the commission of one or more of the dual objects of the conspiracy.  The mail fraud conspiracy charged in the Fourth Superseding Indictment requires that the government prove that Koubriti, in concert with co-defendant Hannan:  1) having devised a scheme to defraud; 2) conspired or agreed to execute that scheme; and that 3) as part of the execution of the scheme, one or more mailings utilizing the U.S. Postal Service or a private or commercial interstate carrier occurred.

The government submits that, as in *Benton*, because each of these offenses requires proof of a fact which the other does not, no double jeopardy concerns are implicated.

Even assuming, as Koubriti argues, that the "totality of the circumstances" test articulated in *United States v. Sinito*, 723 F.2d 1250 (6th Cir. 1983), governs the

conduct of the double jeopardy analysis here, defendant still cannot prevail.  This is so because each of the five factors subsumed within that test cut against a finding of the existence of only a single conspiracy.

First, as to the factor of time," Count One of the Third Superseding Indictment charges a violation occurring from February of 1998 through January 29, 2003.  In contrast, the mail fraud conspiracy of the Fourth Superseding Indictment spans the period of only July 5 through September 17, 2001, an exponentially shorter time frame.

Second, the number of persons charged as coconspirators is also different.  The material support to terrorists count charges four defendants and other unnamed coconspirators with engaging in 21 separate overt acts; these overt acts alone span the time period of October 2000 through November of 2002.  The only overt act related to the currently-charged mail fraud conspiracy, the alleged automobile accident of July 5, 2001, reflected at ¶25 of the Third Superseding Indictment, is not even charged as an overt act in the Fourth Superseding Indictment.[5]

---

[5]Koubriti identifies a total of 13 pages in a trial transcript that exceeds 6,400 pages which contain any testimony regarding the false traffic accident which forms the triggering event of the Fourth Indictment's mail fraud conspiracy charge; in addition, this accident is referenced as a minor part of the overall multiple acts of alleged "economic jihad" during the trial on the Third Indictment at only 3 pages of the government's closing argument.  To the extent that Koubriti alleges that a double jeopardy violation is established based on the fact that evidence relating to the traffic

Third, while the statutory offenses in both indictments are charged as conspiracies, the objects, means and methods, and overt acts in each are separate. A conspiracy to provide material support to terrorists is not the same as a conspiracy to commit mail fraud.

Fourth, as already referenced above, 20 of the 21 overt acts charged in the Third Indictment have nothing to do with the mail fraud charged in the Fourth Indictment. Meanwhile, seven of the 24 overt acts charged in the pending indictment charge fraudulent mailings, none of which are encompassed within the Third Indictment.

Fifth and finally, the locations of the two charged conspiracies are entirely different. The terrorist conspiracy in the Third Indictment is alleged to extend to the foreign countries of Incerlik, Turkey; Amman, Jordan; and Amsterdam, Holland; and to include U.S. locations as diverse as Chicago, Illinois; Greensboro, North Carolina; and Dearborn, Detroit, and Romulus, Michigan. In contrast, the acts forming the basis of the mail fraud conspiracy are alleged to have occurred entirely within the cities of Dearborn and Farmington, Michigan.

---

accident, which forms the basis of the pending mail fraud conspiracy charge, was also part of the evidence adduced in the prior trial, we note that the "same evidence" test has been explicitly rejected by the Supreme Court. *United States v. Dixon*, 509 U.S. 688 (1993).

Based on the foregoing, the government submits that the conspiracies charged in the Third and Fourth Indictments are sufficiently separate and distinct as to constitute separate agreements.  Accordingly, Koubriti's double jeopardy motion lacks merit and should be DENIED.

Respectfully submitted,

STEPHEN J. MURPHY
United States Attorney


s/ERIC STRAUS
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Phone: 313-226-9648
Email: eric.straus@usdoj.gov
Bar No.: (P38266

s/ALAN GERSHEL
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Phone: 313-226-9504
Email: alan.gershel@usdoj.gov
Bar No.: (P29652)


s/JENNIFER PEREGORD
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Phone: 313-226-9522
Email: jennifer.peregord@usdoj.gov

Dated: December 15, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Thursday, December 15, 2005, I electronically filed the

foregoing  document with the Clerk of the Court using the ECF system which will

send notification of such filing to the following:


        Richard_Helfrick@fd.org
        James_Gerometta@fd.org


                    s/ ERIC M. STRAUS
                    Assistant U.S. Attorney
                    United States Attorney's Office
                    211 W. Fort St., Suite 2001
                    Detroit, MI 48226
                    Phone: 313-226-9648
                    E-Mail: eric.straus@usdoj.gov